UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
REFRIGERATION & AIR CONDITIONING, : Civil Action No. 06-574 (FLW)
DIVISION (UA-NJ) PENSION, WELFARE :
ANNUITY, EDUCATION, INDUSTRY :
TRAINING AND MECHANICAL SERVICE :
CONTRACTORS ASSOCIATION INDUSTRY :
FUNDS AND THE BOARDS OF TRUSTEES :
THEREOF :
 :
 :
        Plaintiffs, :
 :
            v. : OPINION
 :
AIR JOY SERVICE, INC., :
           Defendant. :
_____

**WOLFSON, District Judge**

Presently before the Court is a motion by Plaintiffs, Refrigeration and Air Conditioning Division (U.A N.J.) Pension Welfare Annuity, Education, Industry Training and Mechanical Service Contractions Association Industry Funds, ("Refrigeration Pension Fund"), for default judgment on its claims against Defendant, Air Joy Service ("Air Joy"), Inc., for failure to appear or otherwise respond to Plaintiff's Complaint of February 9, 2006. For the reasons set forth below, Plaintiffs' motion will be GRANTED.

**I. Background**

Plaintiffs, the Refrigeration Pension Fund, provide welfare, education, vacation, annuity, industry advancement and other benefits for employees of employers covered by a collective bargaining agreement between the New Jersey State Committee Representing the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada AFL-CIO (hereinafter the "Union").  Defendant, Air Joy, employs workers who are represented by the Union.  Moreover, Defendant is a signatory to the current collective bargaining agreement between the Union and the Mechanical Service Contractors Association of New Jersey, and, as such, Defendant is required to remit weekly payments to the Union for its workers.  Since September 1, 2005, Defendant has failed to remit payments to Plaintiff.  Therefore, Plaintiff contends that Defendant is delinquent in the amount of $61,605.50[1] for the period beginning September 1, 2005 through December 31, 2005.

On February 8, 2006 Plaintiff commenced this suit against Air Joy seeking damages in the amount of $61,605 plus interests and costs.  Defendant was served with a copy of the Summons and Complaint on February 14, 2006.   Defendant failed to plead or otherwise appear.  Thereafter, on April 21, 2006, Plaintiff requested that the Clerk of the Court enter default pursuant to Fed. R. Civ. P. 55(a), and default was entered on April 24, 2006.  On June 29, 2006, Plaintiff filed a Motion for Default Judgment.  The Motion was returnable on September 5, 2006.  As of September 18, 2006, Defendant has not responded to nor opposed this Motion.

**II. Standard for Default Judgment**

---

[1] Currently, Plaintiff alleges that Defendant is now indebted to Plaintiffs for $64,352.03 in principal contributions. See Shaffer Aff., at ¶ 2.

Federal Rule of Civil Procedure 55 governs the entry of default judgment. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984). Furthermore, the preference is to dispose of cases on the merits whenever practicable. Id. at 1181 (citations omitted).

## III. Discussion

In the instant matter, since February, 2006, Defendant has failed to appear and defend Plaintiff's claims against them. Moreover, on April 21, 2006, pursuant to an application by the Plaintiff, an entry of default was made by the Clerk of the Court against the Defendant. Subsequently, on June 29, 2006, Plaintiffs filed a Motion for Default Judgment. Defendant have failed to oppose this motion. Thus, the Court finds that a grant of default judgment is appropriate.

## IV. Conclusion

For the foregoing reasons, Plaintiffs motion for default judgment against Defendants is

granted and Plaintiff may recover the sum of $84,354.69 which includes principal contributions, interest, liquidated damages, attorneys fees and costs, and Plaintiffs may recover a per diem interest rate of $26.45 per day since June 30, 2006.  An appropriate order will follow.


Dated: September 18, 2006                              /s/  Freda L. Wolfson
                                                             The Honorable Freda L. Wolfson,
                                                             United States District Judge